FILED
2019 Oct-23 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REBECCA HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| SCHULTE HOSPITALITY ) | **JURY DEMANDED** |
| GROUP, INC. d/b/a HOMEWOOD ) | |
| SUITES ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff Rebecca Howard ("Plaintiff" or "Howard"), by and through her undersigned counsel of record, and files this Complaint against Defendant Schulte Hospitality Group, Inc. d/b/a/ Homewood Suites Alabama ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. The unlawful employment practices described herein were committed in Huntsville, Alabama. Huntsville is located in Madison County, Alabama, and,

accordingly, venue lies in the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

3. Rebecca Howard is a citizen of the United States of America, over the age of nineteen (19) years, a resident of the State of Alabama who is entitled to protection pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and was at all times relevant an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

4. Defendant is a foreign corporation, functioning within the State of Alabama, is an employer within the meaning of 29 U.S.C. § 203(d), and was at all times relevant Plaintiff's "employer."

5. Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce.

6. Defendant's annual gross volume of sales was five hundred thousand dollars ($500,000.00) or more.

7. Plaintiff performed work for Defendant by engaging in hotel housekeeping work and used goods that were transported via interstate commerce, thus Defendant is an "enterprise," as contemplated by 29 U.S.C. § 203 (r) & (s).

## FACTS

8. Plaintiff re-alleges and incorporates paragraphs one (1) through seven (7) as if fully set forth herein.

9. Defendant hired Plaintiff in June 2016 as an Executive Housekeeper.

10. Plaintiff was employed by Defendant for three (3) years.

11. Plaintiff began as a salaried employee with an hourly rate of approximately eighteen dollars and five cents ($18.05).

12. On August 18, 2017, Plaintiff's salary changed, increasing her hourly rate to eighteen dollars and fifty-four cents ($18.54).

13. On August 17, 2018, Plaintiff's salary changed, increasing her hourly rate to nineteen dollars and twenty-four cents ($19.24).

14. Plaintiff engaged in housekeeping duties including but not limited to, laundry, stocking cleaning supplies, outlining housekeeping roles for each workday, and cleaning and inspecting hotel rooms.

15. Despite Plaintiff's executive job title, she performed the same duties as other housekeepers.

16. Therefore, Plaintiff's job duties did not exempt her from protection under the FLSA.

17. Defendant is not exempt from FLSA coverage in relation to Plaintiff's employment.

18. Plaintiff worked over forty (40) hours each week.

19. Defendant only paid Plaintiff the salaried hourly rate for forty (40) hours each week.

20. Defendant failed to pay Plaintiff for hours worked in excess of forty (40) each week.

21. Defendant failed to pay Plaintiff the overtime rate for hours worked in excess of forty (40) each week.

22. To date, Defendant has not paid Plaintiff for wages and overtime due.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(Minimum Wage Violations – 29 U.S.C. § 206)

23. Plaintiff is not exempt from protections provided by the FLSA.

24. Defendant is not exempt from coverage under the FLSA.

25. Defendant has a duty to keep certain records pursuant to 29 U.S.C. § 211(c), which Plaintiff will be relying upon in prosecuting her claims.

26. Defendant is required to compensate Plaintiff for each hour worked, pursuant to 29 U.S.C. § 206.

27. Defendant failed to compensate Plaintiff at the minimum wage rate.

28. Plaintiff worked in excess of forty (40) hours each week, up to one hundred and twenty (120) hours.

29. Plaintiff's salary was insufficient to meet the minimum wage standard as it reduced Plaintiff's overall hourly rate to below the minimum wage of seven dollars and twenty-five cents ($7.25).

30. Defendant's denial of Plaintiff's minimum wage was willful.

31. Defendant's failure to pay Plaintiff the minimum wage due was willful and without good faith, as defined in 29 U.S.C. § 260.

32. Defendant willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

## COUNT II
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

33. Plaintiff is not exempt from protections provided by the FLSA.

34. Defendant is not exempt from coverage under the FLSA.

35. Defendant has a duty to keep certain records pursuant to 29 U.S.C. § 211(c), which Plaintiff will be relying upon in prosecuting her claims.

36. Defendant failed to compensate Plaintiff at the overtime rate required by 29 U.S.C. § 207, for hours worked in excess of forty (40) each work week.

37. Defendant's denial of Plaintiff's overtime was willful.

38. Defendant's failure to pay Plaintiff overtime due was willful and without good faith, as defined in 29 U.S.C. § 260.

39. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 215(a)(2).

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. All wages and overtime due to Plaintiff under the FLSA for the time Plaintiff was employed by Defendant;

B. Liquidated damages in an equal amount;

C. A reasonable attorneys' fee;

D. Plaintiff's costs and expenses;

E. Interest on all monies owed; and

F. Any other relief the Court deems just and appropriate.

Respectfully submitted this 23nd day of October 2019.

/s/ Jessica M. Wolinsky
Jessica M. Wolinsky (ASB-7457-L67O)
Anthony D. Michel (ASB-6809-064M)
*Attorneys for Plaintiff, Rebecca Howard*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, AL 35203
P: (205) 980-5700
F: (205) 994-2819
jessica@wmalabamalaw.com
anthony@wmalabamalaw.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

Respectfully submitted,

*/s/ Jessica M. Wolnyly*
Attorney for Plaintiff

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Schulte Hospitality Group, Inc. d/b/a/ Homewood Suites Alabama
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, Alabama 36104